Bradbury, J.,
(dissenting):
I do not concur in the construction given to section 1862, Revised Statutes, by a majority of the court.
The object of this section, it seems to me, was to place within well defined limits the power of municipal corporations to impose fines for violations of its ordinances. By the settled rules of the common law, such corporations can only impose reasonable fines. The constitution of the state, article 1, section 9, also prohibits the imposition of excessive fines by any authority. The common law, however, affords no certain rule, and tlje constitution none whatever, by which to determine in any given case, whether a fine is unreasonable or excessive or not. This mischief is cured by the construction I would give to that section, which reads as follows:
“Section 1862 — Fines, penalties, and forfeitures which do not exceed the sum of fifty dollars for any specified offense, or violation of the by-law or ordinance, or double that. sum for each repetition of such offence or violation, or which do not exceed ten dollars for each day where the thing prohibited or rendered unlawful is, in its nature, continuous in respect to time, shall not be deemed unreasonable; but where in any by-law or ordinance a greater fine, penalty, or forfeiture is imposed than as above specified, it shall be lawful for the court or magistrate, in any suit or prosecution for the recovery thereof, to reduce the same to such amount *24 as may be deemed reasonable and proper, and to permit a recovery or render judgment accordingly.”
Tbe minuteness and evident care with which this section prescribes what fines shall not be deemed unreasonable, go far to show that any sums in excess of them should be deemed unreasonable.
A statute should not be construed so as to annul it; this is practically done by the construction which the majority of the court place upon the section now under consideration.
The power of municipalities and their magistrates to impose fines under that construction of the section is as ill-defined, uncertain and unlimited as if the statute did not exist.
A correct construction of this section would limit the power of municipal corporations, in imposing fines, to such amounts as the legislature has declared not unreasonable. The legislative purpose was to prescribe a rule of conduct to municipal authorities, not to declare a fact, and when it said that, up to certain sums carefully adjusted to varying circumstances, fines should not be deemed unreasonable, it should be held to intend to limit fines within those sums.
The subsequent provision is to guard against the escape of the guilty where the council, through inadvertence or otherwise, in adopting an ordinance, has prescribed a greater penalty than allowed by law. In such case the magistrate, or court before whom the trial is had, may reduce the fine to such amount as may be deemed reasonable, not in the unlimited discretion of such magistrate or court, but by the law as declared by the legislature in the section under consideration; thus substituting the certain rule of the statute for the arbitrary will 'of the magistrate or court.
AViixiams, C. J., concurs in this dissenting opinion.